FILED

AUG 31 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IVAN YELLOW EARRINGS, | CIV. 05-1025 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| -vs- | FOR DISPOSITION OF MOTION TO |
| | VACATE, SET ASIDE OR CORRECT |
| UNITED STATES OF AMERICA, | SENTENCE |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-captioned 28 U.S.C. §2255 case was referred to this Court by the District Court pursuant to 28 U.S.C. 636(b)(1)(B), for the purpose of conducting any necessary hearings, including evidentiary hearings, and submitting proposed findings of fact and recommendation for disposition thereof.

Having carefully reviewed and considered all the records on file and being fully advised in the premises, the Court does now make and propose the following findings, report and recommendation for disposition of the case.

I.

Petitioner pled guilty to assault resulting in serious bodily injury and was sentenced to 77 months imprisonment on August 6, 2004. He did not appeal his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. He waived the right to a direct appeal of any issue with the exception of an upward departure. No upward departure, now called a variance following the United States Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (2005), was imposed.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 and a request to proceed *in forma pauperis*. He has also filed a motion requiring trial counsel to turn over his work product files. Petitioner contends that he was denied the effective

assistance of counsel in that counsel (1) failed to prepare for trial by not moving to suppress statements or investigate witnesses, (2) failed to argue at sentencing that his prior convictions did not qualify for a career offender enhancement under Guidelines § 4B1.1, (3) failed to argue that his sentence should be reduced pursuant to Guidelines § 5K2.10 for victim misconduct and failed to hire a private investigator to substantiate the victim's propensity for violence, and (4) failed to argue that dismissed charges should not have been used to enhance his sentence.

The District Court conducted an initial consideration of the motion and found that Petitioner's claim that counsel failed to argue at sentencing that his prior convictions did not qualify for a career offender enhancement under Guidelines § 4B1.1 was patently frivolous, and Petitioner's claim that counsel failed to argue that dismissed charges should not have been used to enhance his sentence was also found to be patently frivolous. Therefore, Petitioner was not entitled to relief on his second and fourth claims. The District Court then ordered the United States Attorney in and for the District of South Dakota to serve and file an answer or responsive pleading together with a legal brief or memorandum in support thereof, as to Petitioner's first and third claims. The Government then filed a timely answer and supporting brief. Yellow Earrings filed no response.

II.

The offense occurred on 5/17/03 in McLaughlin, SD, which is on the Standing Rock Sioux Reservation. Prior to the offense, the Petitioner, the victim, and others were consuming alcohol and panhandling for change near the Korner Bar in order to purchase alcohol. The Petitioner and some others pitched in their proceeds and were able to purchase some alcohol from the McLaughlin liquor store. When the victim asked the Petitioner for a drink, the Petitioner refused as the victim had not contributed to the purchase. When the victim persisted, Yellow Earrings retrieved a knife from his shirt sleeve and stabbed the victim in the chest when the victim came towards him. The victim was seriously injured.

Yellow Earrings was initially charged with Assault With a Dangerous Weapon and Assault Resulting in Serious Bodily Injury. As part of the plea negotiation, the Assault With a Dangerous Weapon was dismissed.

2

III.

The Court must first determine, in accordance with Rules 4(b) and 8(a) of the §2255 Rules, whether an evidentiary hearing is required in this instance.

An evidentiary hearing need not be held (1) if the prisoner's allegations, accepted as true, would not entitle him to relief; or (2) if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible or are conclusions rather than statements of fact. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Likewise, an evidentiary hearing is not required "where the files and records of the case conclusively show that the prisoner is not entitled to relief." Standing Bear v. United States, 68 F.3d 271, 272 (8th Cir. 1995), cert. denied, 517 U.S. 1147 (1996).

Yellow Earrings' claims are ones that are capable of resolution from the record. Blankenship v. United States, 159 F.3d 336, 337-39 (8th Cir. 1998), cert. denied, 525 U.S. 1090 (1999). After close scrutiny of the record, the Court is convinced that Yellow Earrings cannot prevail on his claims. As such, Yellow Earrings' request for an evidentiary hearing is denied, and the Court shall proceed to dispose of his Motion in a summary manner.

IV.

If no evidentiary hearing is necessary, the appointment of counsel is discretionary. In exercising its discretion, a court should first determine whether a pro se prisoner has presented a non-frivolous claim. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.), cert. denied, 513 U.S. 857 (1994). If the prisoner has raised only claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. Id.; Rule 4 of the §2255 Rules. The Court therefore finds it unnecessary to appoint counsel for Yellow Earrings and declines to do so.

V.

The standard for review of a claim of ineffective assistance of counsel is well established. In order to prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's representation was deficient and the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "More specifically, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional

errors, the result of the proceeding would have been different." United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005).

VI.

The purpose of ineffectiveness review is not to grade counsel's performance but rather, to determine whether a prisoner's Sixth Amendment right to counsel has been violated. 466 U.S. at 688-89, 697. In the review process, a court must recognize that representation is an art and an act or omission that is unprofessional in one case may not necessarily be so in another. Id. at 693. Because lawyers try their cases in their own ways and circumstances differ from case to case, the range of "reasonableness" must be broad. Id. at 689-90. Omissions and miscues are inevitable. There is no such thing as the "perfect" trial.

The burden is on the prisoner to prove by a preponderance of the evidence that counsel's performance was unreasonable. Id. at 687-88. The prisoner must establish that counsel's acts or omissions "were outside the wide range of professionally competent assistance." Id. at 690.

"Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A court must avoid second-guessing counsel's strategy for obtaining a favorable result for the client. Id.

A court must "indulge a strong presumption" that counsel's conduct was reasonable and that counsel "made all significant decisions in the exercise of reasonable, professional judgment." Id. at 689-90. Counsel therefore cannot be adjudged ineffective as long as the approach taken "might be considered sound trial strategy." Id. at 689. "As is obvious, Strickland's [performance] standard, although by no means insurmountable, is highly demanding." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

The reasonableness of counsel's performance is an objective inquiry. Strickland, 466 U.S. at 688. And, because counsel's conduct is presumed reasonable, a prisoner must demonstrate that no reasonable or competent lawyer would have made the choices his counsel made.

When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." Id. at 689. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id.

4

There is no particular set of rules for counsel's conduct that can satisfactorily take into account the variety of circumstances faced by counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Id. at 688-89. "Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 689

Counsel has no absolute duty to investigate particular facts or a certain line of defense. Under Strickland, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. "In any ineffectiveness case, the nature and extent of counsel's investigation, if any, must be directly assessed for reasonableness [under] the circumstances, applying a heavy measure of deference to counsel's judgment." Id. Thus, counsel's decision to rely on a specific defense to the exclusion of others – regardless of whether he investigated those other defenses – is a strategic one and does not amount to ineffective assistance unless the prisoner can prove that the avenue pursued was itself unreasonable. Id. at 688.

As the Strickland Court observed, the reasonableness of counsel's acts depends "critically" upon "information supplied by the [prisoner] or the [prisoner's] own statements or actions." 466 U.S. at 691. Counsel's conversations with the prisoner concerning the facts and circumstances of the case, including discussions relating to witnesses and requests made by the prisoner, are important when assessing the propriety of counsel's litigation performance. Id.

## VII

Applying these guidelines to this case leads inescapably to the conclusion that Petitioner has failed to meet the rigid standards of Strickland and its progeny and therefore cannot prevail on or obtain §2255 relief for his claim of ineffectiveness assistance of counsel.

## VIII.

Yellow Earrings' first claim is that his trial counsel was ineffective because counsel failed to prepare for trial by moving to suppress statement. This is refuted by his trial counsel's Affidavit which states that it was a joint decision by Yellow Earrings and Mr. Gerdes to avoid trial and accept the United States plea offer. Likewise, it appears from the Affidavit that Yellow Earrings participated in the decision not to try to suppress his statement.

Trial counsel, a member in good standing of the South Dakota State Bar, has represented numerous criminal defendants in federal court within this District for many years.

Mr. Gerdes' Affidavit states as follows:

"Early during Affiant's representation of Ivan Yellow Earrings, the discovery materials were reviewed with Ivan Yellow Earrings, including the statement made by Ivan Yellow Earrings to law enforcement officials. In the discussions between Affiant and Ivan Yellow Earrings, it became apparent, at least to Affiant, that no legitimate basis to suppress Ivan Yellow Earrings's statement existed. The reports and interviews with Ivan Yellow Earrings did not indicate any constitutional basis for an attempt to suppress the statement.

The statement from Ivan Yellow Earrings was extremely incriminating, therefore, the decision was made by Affiant and Ivan Yellow Earrings to enter a guilty plea to the charge for which Ivan Yellow Earrings was ultimately sentenced."

Therefore, the Court should deny the petitioner's conclusionary claim that his trial counsel failed to file a suppression motion, and, against his wishes, somehow forced him to plead guilty.

In the context of a guilty plea, a petitioner alleging ineffective assistance of counsel must show that, but for his counsel's alleged errors, the defendant would not have pleaded guilty and would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L.Ed.2d 203 (1985). This, the Petitioner has not done.

As to the Petitioner's allegation that trial counsel failed to investigate witnesses, the Supreme Court has stated that the duty to investigate can be defined as "a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. There is no evidence that counsel's investigation in this case was unreasonable. In addition, petitioner has failed to meet the second, or "prejudice" requirement of Strickland.

Petitioner fails to identify whom Mr. Gerdes failed to call as additional witnesses and what their additional evidence would conclusively establish. Petitioner asserts that "counsel failed to investigate witnesses . . ." Petitioner points to no evidence or legal arguments that further investigation would have revealed, much less evidence or argument that would have affected his decision to plead guilty. The record reveals that Gerdes investigated the legality of the proceedings and then made the tactical decision to negotiate a plea agreement. The Court cannot say there is a reasonable probability that petitioner or his counsel would have decided to go to trial rather than enter a guilty plea had Gerdes done more investigating. Consequently, this claim should be denied as meritless.

IX.

Petitioner's remaining claim is that counsel failed to argue that his sentence should be reduced pursuant to Guidelines § 5K2.10 for victim misconduct and failed to hire a private investigator to substantiate the victim's propensity for violence.

Mr. Gerdes' Affidavit shows that at the Petitioner's sentencing hearing, the Petitioner's trail counsel did present argument and evidence attempting to secure a downward departure for Yellow Earrings based on Victim's Conduct (U.S.S.G. 5K2.10). Yellow Earrings, among others, testified at the hearing that the victim had somehow contributed to the unlawful assault, but, as Mr. Gerdes states in his Affidavit, the District Court heard the above evidence and was "unimpressed with the testimony and argument presented by Affiant and Ivan Yellow Earrings." Nor does the Petitioner give any reason to show why hiring a private investigator would have changed the outcome.

Under Strickland this Court "Need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. To establish prejudice, Yellow Earrings must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Id. at 694. The Petitioner has clearly failed to do so. Mere speculation that the victim was an alcoholic, had robbed people in the past, and was bigger than the defendant is simply insufficient to undermine the District Court's finding following the sentencing hearing, that the victim's conduct did not significantly contribute to his unlawful assault.

This Court has known trial counsel for over twenty years. He has appeared before this court on many occasions and the Petitioner's assertion that counsel "is not loyal to his profession" is patently absurd. Petitioner also contends that his plea was involuntary because counsel influenced, coerced and threatened him with 20 years on both counts if he did not sign the plea agreement. Under his original two charges, the Petitioner could have received a 10 year maximum sentence on each count which if run consecutively would total 20 years. That every defendant must be informed of the maximum sentence he could receive if found guilty is merely a fact, not a threat.

When he entered his plea, Petitioner indicated that he understood the rights he was waiving and maintained his intention to plead guilty after the Court explained those rights to

him. The accuracy and truth of a defendant's statements at the plea hearing are conclusively established by that proceeding unless the defendant makes a reasonable allegation why that should not be so. See United States v. Williams, 536 F.2d 247, 249-50 (8th Cir. 1976). In this case, Petitioner cannot demonstrate prejudice under the Strickland standard.

X.

Petitioner requests discovery of counsel's work files. The discovery requested by Petitioner would appear to be a fishing expedition and would have no foreseeable effect on the Court's decision in this case. Accordingly, petitioner's motion for discovery should be denied.

XI.

After due consideration of the record in light of applicable law, the Court believes that Petitioner is not entitled to relief under §2255 and that his Motion should be dismissed in its entirety. Accordingly, based on the foregoing findings of fact and legal discussion and pursuant to §636(b) and Rule 8(b) of the §2255 Rules, it is hereby

RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, be denied in all respects and that the case be dismissed with prejudice.

Dated this 31st day of August, 2006, at Aberdeen, South Dakota.

BY THE COURT:

Myles J. DeVine
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By Barbara J. Brepto Deputy
(SEAL)

NOTICE
Failure to file written objections to the within and foregoing Report and Recommendation for Disposition of Motion to Vacate, Set Aside or Correct Sentence within 10 days from the date

of service shall bar an aggrieved party for attacking the Report and Recommendation before the United States District Judge assigned to review the case. See 28 U.S.C. §636(b) and 8(b) of the §2255 Rules.